UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEDWIG SPRINGER,<br><br>             Plaintiff,<br><br>        v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>             Defendant. | CASE NO.    C04-5201RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for September 2, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter has been fully briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter for further proceedings.

<u>INTRODUCTION AND PROCEDURAL HISTORY</u>

Plaintiff, Hedwig Springer, was forty-four years old on May 5, 2000 (her alleged onset date) and forty-seven years old on April 29, 2003 (the date of the administrative law judge's decision)(Tr. at 26, 64). Ms. Springer received her GED after coming to the United States from her native Germany (Tr. at 87, 489, 697), and she has past work experience as a framer and engraver (Tr. at 25-26).  From January 2000 until May 2000, Ms. Springer worked as an engraver and framer at an art gallery  (Tr. at 82, 97). This job required lifting of as much as thirty pounds and standing and/or walking for seven hours during a workday (Tr. at 98).  From April 1991 until December 1999, Ms. Springer worked as an engraver and framer at a business that made awards and trophies (Tr. at 82, 97, 99).  At this job, she lifted as much as

1  fifty pounds (Tr. at 99).  In addition, she was on her feet most of the workday (Tr. at 99).

2        In September 2000, Ms. Springer applied for DIB, stating that she had been disabled since May 5,
3  2000 (Tr. at 64). After her 2000 application was denied initially and on reconsideration, she requested
4  a de novo hearing (Tr. at 33, 38, 46).  In August 2002, i.e., while her 2000 DIB application was pending
5  before the administrative law judge ("ALJ"), Ms. Springer reapplied for DIB (Tr. at 71.) With a filing
6  month of October 2002, Ms. Springer also applied for Supplemental Security Income (SSI) under Title
7  XVI of the Social Security Act, 42 U.S.C. § 1382c (Tr. at 771.)  The ALJ ultimately consolidated and
8  decided Ms. Springer's 2000 and 2002 DIB applications and 2002 SSI application (Tr. at 17, 26, 755.)  On
9  December 12, 2002, Ms. Springer appeared and testified at an administrative hearing before ALJ
10 Marguerite Shellentrager (Tr. at 779).   In addition, internist David Kelley, M.D., testified as a medical
11 expert (Tr. at 57, 59-62, 799). On April 29, 2003, the ALJ decided that Springer was not disabled at step
12 four (Tr. at 26). 20 C.F.R. § 404.1520(f) (2004) (step four). On February 6, 2004, the ALJ's decision
13 became the Commissioner's final decision when the Appeals Council denied Springer's request for review
14 (Tr. at 6).  20 C.F.R. § 422.210(a) (2004); 42 U.S.C. § 405(g). Springer then initiated this civil action for
15 judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g).

16       In response to plaintiff's opening brief and arguments made therein, defendant concedes the ALJ
17 erred in making her decision.  Specifically, defendant agrees that the ALJ erroneously determined the
18 demands of Ms. Springer's past work as a framer and engraver and that a vocational expert should be
19 consulted to determine the requirements of those jobs.  Defendant further agreed that the ALJ should be
20 required to proceed to step-five in the evaluation process, including a complete review of Ms. Springer's
21 mental impairments.

22       After reviewing the record, this court finds that a remand for further proceedings is appropriate.

23 DISCUSSION

24       The Commissioner has established the following five-step sequential evaluation process for
25 determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Step One: The
26 Commissioner determines whether the claimant is engaged in substantial gainful activity. See 20 C.F.R. §§
27 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b). If so, the claimant is not disabled. If not, the
28 Commissioner proceeds to step two. Step Two: The Commissioner determines whether the claimant has a

medically severe impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c). If not, the claimant is not disabled. If so, the Commissioner proceeds to step three. Step Three: The Commissioner determines whether the claimant's impairments meet or equal the requirements of a listed impairment in the Listing of Impairments, found at 20 C.F.R. pt. 404, subpt. P, app. 1. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d). If so, the claimant is disabled. If not, the process continues. Residual Functional Capacity: When a decision cannot be made based at any of the first three steps of the sequential evaluation process, the Commissioner determines the claimant's residual functional capacity (RFC) -- what the claimant can still do despite her limitations. See 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945. The Commissioner then proceeds to step four. Step Four: The Commissioner determines whether the claimant can perform her past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

If so, the claimant is not disabled. If not, the Commissioner proceeds to step five.  Step Five: The Commissioner determines whether the claimant can perform any other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g). If so, the claimant is not disabled. If not, the claimant is disabled.

     The claimant bears the burden of production at steps one through four.  *See* Tackett, 180 F.3d at 1098-99. At step five, the burden of production shifts to the Commissioner to identify jobs existing in significant numbers in the national economy that the claimant can perform given her residual functional capacity, age, education, and work experience. See id.; see also 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). The Commissioner can meet this burden "(a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines [the Guidelines] at 20 C.F.R. pt. 404, subpt. P, app. 2." Id.

     Here the parties agree the ALJ erred when considering the demands of Ms. Springer's past work and when considering Ms. Springer's mental impairments.  These errors, particularly, the error made in reviewing Ms. Springer's medical evidence and the assessment of Ms. Springer's mental capacity requires the ALJ to revisit or reevaluate steps two through five.

     Plaintiff strenuously argues the court should make specific findings of fact before sending the case

REPORT AND RECOMMENDATION
Page - 3

back for further proceedings. Plaintiff argues that a remand without making specific findings would provide the ALJ a "blank check" and the ability to "render the same decision all over again." Plaintiff's Reply Brief at 1-2. After reviewing the matter the court is not persuaded by plaintiff's arguments.

Generally, the court's review is limited to determine whether the ALJ applied the proper legal standard and whether there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Remand is appropriate where additional administrative proceedings could remedy defects. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). If an error is identified by the court and remand is appropriate, the court should restrain from making any factual findings, which the agency will be able to cure with further proceedings.

## CONCLUSION

Based on the foregoing discussion, the administrative decision should be remanded for further proceedings consistent with this decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 2, 2005**, as noted in the caption.

DATED this 9th day of August, 2005.

           */s/ J. Kelley Arnold*
           J. Kelley Arnold
           U.S. Magistrate Judge